IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBRA HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:08-cv-492-WKW |
| | ) | (WO) |
| FIELDS REALTY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the plaintiff's Motion for Remand (Doc. # 7).  The court finds that the motion is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

The facts as set forth in the complaint are as follows.  Plaintiff Debra Howell ("Howell") tripped and fell in a hole in the defendant's parking lot. (Compl.¶ 4.)  As a result of her fall, she experienced a broken jaw, damaged and knocked out teeth, an injured right shoulder and arm, and medical bills. (*Id*. ¶ 7.) She alleges that the defendant negligently or wantonly failed to maintain the premises and to warn her of the dangerous condition. (*Id*. ¶ 5.)

On May 27, 2008, Howell commenced an action in the Circuit Court of Barbour County.  She did not include an *ad damnum* clause in her complaint.  On June 23, 2008, the defendant removed the case (Doc. # 1).[1]  On July 7, 2008, Howell moved to remand the case.

---

[1]  The complaint names Fields Realty, LLC, as the defendant.  In the Notice of Removal, the defendant states that the correct defendant is Eufaula Fields, LLC. (Notice of Removal ¶ 3.)

(Doc. # 7.)  If the court granted her motion, she stated that she would amend her complaint to limit the amount of damages to an amount not to exceed $74,999.00.  (Mot. Remand ¶ 3.) The court did not order briefing from the parties because it is evident from the Notice of Removal that removal was improper.

## II.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Id.*

## III.  DISCUSSION

Diversity jurisdiction exists when there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.  The parties do not contest that there is diversity of citizenship.  The issue is whether the amount in controversy requirement is met.

To determine the amount in controversy, a court first looks to the amount alleged in the complaint. *Burns*, 31 F.3d at 1095.  If the plaintiff does not specifically allege an amount in controversy, the *removing defendant* must establish the amount in controversy by a

preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *cert. denied*, 76 U.S.L.W. 3540 (U.S. Apr. 1, 2008) (No. 07-1246).

In resolving a motion to remand under the preponderance of evidence standard, "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand." *Id.* at 1211.  The universe of evidence a court can draw upon in evaluating the propriety of removal is usually limited to the notice of removal and accompanying documents. *Id.* at 1214.  As the Eleventh Circuit explained in *Lowery*, a defendant who can meet the preponderance of the evidence standard also could have met the more stringent legal certainty standard. *Id.* at 1211 n.59.  The two standards are essentially the same at the motion to remand stage because when applying the preponderance of evidence standard the court has only the removal documents before it, resulting in the court applying "a fact weighing standard to a fact-free context." *Id.* at 1209.

The defendant has not met its burden of showing that the amount in controversy is met here.  The defendant claims that the amount in controversy requirement is met because Howell "alleges permanent injuries and damages, including punitive damages, which are of a nature and extent that the undersigned *reasonably believes* will give rise to a claim of $75,000.00, or more."  (Notice of Removal ¶ 7 (emphasis added).)  Belief – even if it is reasonable – that the amount in controversy is met does not establish by a preponderance of the evidence that it is, in fact, met.  Indeed, the court finds that the defendant has presented

no evidence that the amount in controversy requirement is met.

The defendant also relies on Howell's claim for punitive damages as evidence that the amount in controversy is sufficient to confer jurisdiction. As this court has previously stated, a defendant does not meet its burden by pointing out that the plaintiff seeks punitive damages: "[T]his argument begs the question of what those punitive damages are likely to be – a question that [the defendant] bears the burden of answering." *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007); *see also Fields v. Travelers Indem. Co.*, No. 08-cv-155, 2008 WL 2225756, at *3 (M.D. Ala. May 28, 2008); *Le v. ArciTerra Group, LLC*, 07-cv-1070, 2008 WL 2020436, at *4 (M.D. Ala. May 9, 2008); *Watson v. Nuvell Fin. Servs., LLC*, No. 07-cv-640, 2008 WL 110923, at *3 (M.D. Ala. Jan. 9, 2008); *Daniel v. Nationpoint*, No. 07-cv-639, 2007 WL 4533121, at *3 (M.D. Ala. Dec. 19, 2007). Simply put, a demand for punitive damages is insufficient to satisfy the amount in controversy requirement.

## IV. CONCLUSION

This case is due to be remanded because the defendant failed to establish by a preponderance of the evidence that removal was appropriate, and this court is therefore without jurisdiction.

Accordingly, it is ORDERED that:

1. The plaintiff's Motion to Remand (Doc. # 7) is GRANTED;

2. This case is REMANDED to the Circuit Court of Barbour County, Alabama;

3.  The Clerk is DIRECTED to take all steps necessary to effect the remand.

DONE this 10th day of July, 2008.

/s/   W.  Keith Watkins

UNITED STATES DISTRICT JUDGE